**XIANG XIN GAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–1450–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2008.

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiang Xin Gao, a native and citizen of the People's Republic of China, seeks review of a February 25, 2008 order of the BIA affirming the April 21, 2006 decision of Immigration Judge ("IJ") George T. Chew denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Xin Gao,* No. A98 719 835 (B.I.A. Feb. 25, 2008), *aff'g* No. A98 719 835 (Immig. Ct. N.Y. City, Apr. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Gao failed to challenge the IJ's denial of his applications for withholding of removal and CAT relief in his brief to the BIA, we deem those claims unexhausted and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004) (finding that where exhaustion is required, a court must dismiss any unexhausted claim for lack of jurisdiction).

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review the

agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007).

We find no error in the BIA's determination that Gao's wife's forced abortion does not constitute past persecution as to Gao. As we have held, "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007) (en banc); *see also Matter of J–S–*, 24 I. & N. Dec. 520, 521 (A.G.2008). Accordingly, to the extent Gao's petition for review is based on his wife's forced abortion, it "is doomed." *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir.2007); *Gui Yin Liu v. INS*, 508 F.3d 716, 723 (2d Cir.2007).[1]

Even where an applicant has not suffered a forced abortion or sterilization, he or she may still establish eligibility for relief based on his or her own resistance to a family planning policy. 8 U.S.C. § 1101(a)(42)(B). Gao argues that he demonstrated "other resistance" to a coercive population control program because after he learned of his wife's forced abortion, he injured a family planning official. The BIA found that Gao's experience did not establish eligibility for asylum because it was "based on causing personal injury to someone." Because Gao does not reference this determination, let alone challenge it, we leave it undisturbed. *Cf. Gui Yin Liu*, 508 F.3d at 723 (remanding where petitioner's "other resistance" claim was not adequately developed).

Gao also argues that the IJ prevented him from developing his claim and denied him a fair hearing by appearing impatient to end the hearing. However, the BIA found that Gao failed to establish that he was deprived of a fair hearing where he did not explain "what material testimony he was prevented from presenting as a result of the [IJ's] conduct." Again, because Gao has failed to address this finding, we leave it undisturbed.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. We are troubled that Gao's counsel fails to acknowledge either the Attorney General's decision in *Matter of J–S–*, 24 I. & N. Dec. 520 (A.G.2008), or our holding in *Shi Liang Lin*, 494 F.3d at 300, where these issues are dispositive.